# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENERY HEMBY** | **CIVIL ACTION NO.:** |
| **Plaintiff** | **SECTION:** |
| v. | **JUDGE:** |
| **SLIDELL SPECIALTY HOSPITAL, L.P. d/b/a SOUTHERN SURGICAL HOSPITAL, JAMES C. BUTLER, M.D. AMD JAMES GOSEY, M.D.** | **MAGISTRATE:** |
| **Defendants** | |

## COMPLAINT

Now into court, through undersigned counsel, comes petitioner, **ENER HEMBY**, (**"HEMBY"**) a person of the full age of majority and a resident of the State of Mississippi, who respectfully represents that:

### I. PARTIES

1.

Pursuant to La. R.S. 40:1299.41 et seq. and/or La. R.S. 40:1299.39, petitioner makes a claim for damages due to the joint and solidary negligence and/or substandard breaches in medical treatment by the following healthcare providers:

(1) **SLIDELL SPECIALTY HOSPITAL, L.P. d/b/a SOUTHERN SURGICAL HOSPITAL ("SSH"),** who is, upon information and belief, a Louisiana limited partnership authorized to do and doing business in the Parish of St. Tammany, State of Louisiana;

(2) **JAMES C. BUTLER, M.D. ("BUTLER")** who at all times mentioned herein was a licensed physician in the State of Louisiana whose principal office was in the Parish of St. Tammany, State of Louisiana; and,

(3) **JAMES GOSEY, M.D**. **("GOSEY")** who at all times mentioned herein was a licensed physician in the State of Louisiana whose principal office was in the Parish of St. Tammany, State of Louisiana.

## II.   JURSIDICTION AND VENUE

2.

Jurisdiction is proper in this District pursuant to 28 U.S.C. §1332(a)(1), as the parties are diverse, and upon information and belief, the amount in controversy exceed $75,000.00. Furthermore, venue is proper in this District pursuant to 28 U.S.C. §1391(a), as the tortious conduct occurred in St. Tammany Parish, Louisiana.

## III.   FACTS

3.

**SSH** is responsible for the actions or inactions of **BUTLER**, **GOSEY** and it's others physicians, the nursing staff and other employees of **SSH** through *respondeat superior* for the care and treatment of petitioner for all times pertinent herein.

4.

On March 10, 2009, **HEMBY** was admitted to Southern Surgical Hospital for bilateral total knee replacement surgery to be performed by **BUTLER**.

5.

Following surgery performed by **BUTLER**, on or about March 11, 2009, **HEMBY's** legs were inserted into a continuous passive motion (CPM) device, which exercised her legs from six (6) straight hours at a time to longer periods of time. From March 10, 2009 through March 12, 2009, **HEMBY** received an epidural that numbed her lower back and legs and had no feeling.

6.

At about 8:00 p.m., on or about March 13, 2009, after the epidural was discontinued, **HEMBY** complained that her lower extremities were making contact with the CPM device. At that time, the **SSH** nurse noted that contact was being made with the CPM machine, but no distress was noticed or reported.

7.

Only one hour later, at about 9:00 p.m. that same evening, the CPM device was removed and it was discovered that there was a skin break on **HEMBY's** right buttock and lower left buttock. Ointment was applied to the area; however, the skin break was not brought to the attention of any physician or supervisor by the **SSH** staff.

8.

A day later, on March 14, 2009, despite the previously noted injury, **HEMBY** was again placed in the CPM device. At 7:00 a.m. that day, **HEMBY's** injury and skin breakdown was noted by **SSH** staff but, again, it not brought to any physician's attention. Rather, ointment was applied to the area four hours later at 11:00 a.m.

9.

At 2:00 p.m. on March 14, 2009, for the first time, staff of **SSH** informed **GOSEY** of the injury and skin breakdown while **GOSEY** was making rounds. At that time, the wounds measured 6X7 cm on the right buttock and 7X2 cm on the left thigh. Progress notes state that although **GOSEY** was made aware of the skin breakdown, he "did not look at it" and did not take any action to treat the wound.

10.

Despite the discovery of the injury and skin breakdown, **BUTLER** and/or **GOSEY** ordered the use of the CPM device be continued.

11.

The next day, on March 15, 2009, the wound had increased in size to 3 inches round and 4 inches wide. Use of the CPM device was only discontinued after the wound was brought to the attention of **BUTLER** at 9:00 a.m. that morning.

12.

Immediately following her discharge, on March 17, 2009, **HEMBY** met with her primary care physician, Dr. Rowe Crowder, who, upon examining the sores, instructed that she be immediately admitted to Hancock Medical Center. Dr. Crowder also noted that **HEMBY** had bilateral lower extremity deep vein thromboses.

13.

**HEMBY** was immediately admitted to Hancock Medical Center on March 18, 2009 for wound care. She was ultimately discharged from Hancock Medical Center on March 20, 2009 and was transported by ambulance to Dunbar Village for further care for her wounds. She was later released on April 7, 2009 to return home for further care by Southern Mississippi Home Health.

14.

On April 8, 2009, **BUTLER** examined the wounds and advised **HEMBY** that the sore was caused by trauma related to the use of the CPM device.

15.

**HEMBY's** wound care continued for six months until approximately August 2009. Accordingly, as a result of the failure to identify, examine, and treat **HEMBY's** traumatic wounds, she was forced to continue treatment and painful debridment of those wounds until approximately August 2009, nearly 5 months post bilateral knee surgery.

16.

**HEMBY** continues to suffer from pain to the region and has suffered disfiguring scars to the area.

17.

The care and treatment rendered by **BUTLER and GOSEY** was below the standard of care and, as such, these defendants are liable unto petitioner for the following, non-exclusive, reasons:

(1) In providing erroneous treatment in dereliction of their professional skill;
(2) In violating the appropriate standard of care;
(3) In failing to properly assess/diagnose **HEMBY'S** condition post-surgery;
(4) In failing to properly discharge their professional responsibilities;
(5) In failing to ascertain or record **HEMBY'S** complaints, symptoms and vital signs;
(6) Failing to take timely medical action;
(7) In failing to provide proper follow-up care to **HEMBY**;
(8) Providing inadequate and inappropriate treatment;
(9) In failing to obtain or provide fully informed consent;
(10) In failing to timely consult with specialists prior, during and subsequent to the procedure;
(11) In failing to timely order appropriate tests regarding wound;
(12) In failing to prevent the patient from acquiring or developing wound;
(13) In failing to keep clean, sterile and sanitized conditions during treatment;
(14) In discharging **HEMBY** when immediate care was needed for her wounds; and,
(15) In failing to act as a reasonable and/or prudent person would under similar circumstances with similar professional responsibility.

18.

The care and treatment rendered by the physicians and nursing staff of **SSH** was below the standard of care and, as such, these defendants are liable unto petitioner for the following, non-exclusive, reasons:

(1) In providing erroneous treatment in dereliction of professional skill;
(2) In violating the appropriate standard of care;
(3) In failing to properly assess/diagnose **HEMBY'S** condition post-surgery;
(4) In failing to properly discharge their professional responsibilities;
(5) In failing to have and/or enforce appropriate policies and procedures;
(6) In failing to provide adequate physician staffing to render proper and/or timely healthcare services to the patient;
(7) In failing to provide adequate nursing staffing to render proper and/or timely healthcare services to the patient;
(8) In failing keep clean, sterile and sanitized conditions during treatment;
(9) In failing to ascertain or record **HEMBY'S** complaints, symptoms and vital signs;
(10) Failing to take timely medical action;
(11) In failing to provide proper follow-up care to **HEMBY**;
(12) Providing inadequate and inappropriate treatment;
(13) In failing to timely consult with specialists after discovery of wound;
(14) In failing to timely report symptoms to physicians;
(15) In failing to staff **SSH** with qualified medical personnel; and
(16) In failing to act as a reasonable and/or prudent person would under similar circumstances with similar professional responsibility.

19.

Defendants, **SSH, BUTLER and GOSEY**, were under a legal duty to conduct themselves within the standard of care of their specialties.

20.

Pursuant to LSA - R.S. 9:2794(A)(1), **BUTLER** and **GOSEY**, alleged orthopaedic surgery specialists, are held to a greater standard of care than general physicians.

21.

Defendants, **SSH, BUTLER and GOSEY**, breached their legal duty by acting in a manner well below the standard of care for their specialties and/or by failing to exercise the

degree of skill ordinarily employed in their specialties, under similar circumstances, by failing to use reasonable care and diligence, along with appropriate judgment in the application of that skill.

22.

As a result of the foregoing, your petitioner, **HEMBY**, has been caused to suffer extreme physical pain and suffering and permanent disfigurement, requiring extensive medical care and treatment, and other damages resulting from the ongoing improper care and treatment, and more particularly, although non-exclusively described as follows:

- (i) Past, present and future pain and suffering
- (ii) Past, present and future mental anguish anxiety and psychological harm
- (iii) Loss of enjoyment of life
- (iv) Past and future loss of income
- (v) Past, present and future medical care
- (vi) All other damages inherent in these pleadings, or which may appear through discovery or trial of this case

23.

On March 8, 2012, a medical review panel was convened and the opinion was forwarded by the attorney panel chairman on or about March 14, 2012.

**WHEREFORE**, your petitioner, **ENER HEMBY**, prays that the health care providers, **SLIDELL SPECIALTY HOSPITAL, L.P. d/b/a SOUTHERN SURGICAL HOSPITAL**, **JAMES BUTLER**, **M.D.**, and **JAMES GOSEY**, **M.D.**, be cited and served with a copy of this Petition for Damages, and that after all legal delays and due proceedings are had, there be judgment rendered herein in favor of the Petitioner and against the Defendants, in an amount that is just and proper, for all general and equitable relief, expert witness fees, costs, legal interest from the date of filing of the complaint with the Division of Administration, and all fees allowed for by law.

Respectfully Submitted,
*Tonry, Brinson & Glorioso, L.L.C.*

*/S/ Jeffery J. Waltz*
Brian L. Glorioso, T.A.  (#27226)
Richard A. Tonry, II (#27310)
Raymond Brinson (#27187)
Jeffery J. Waltz (#28798)
Kristine K. Sims (#28228)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone:    (504) 585-7373
Facsimile:     (504) 585-7374
**Attorneys for ENER L. HEMBY**